JUDGE WOODS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                 Plaintiff,

- against -

KIT MUN CHAN
LAU KEAN CHONG
CHONG POUI FAN
BINJI LU AND
YOUN CHIEN WONG,

                 Defendants.

19 CV 5718

19 Civ. ( )

[PROPOSED] ORDER TO SHOW
CAUSE AND ORDER FREEZING
ASSETS AND GRANTING
OTHER RELIEF

ECF CASE

---

On June 19, 2019, Plaintiff Securities and Exchange Commission (the "Commission") filed an emergency application for an *ex parte o*rder:

(1) Directing Defendants Kit Mun Chan ("Chan"), Lau Kean Chong ("Chong"), Chong Poui Fan ("Fan"), Binji Lu ("Lu"), and Youn Chien Wong ("Wong") (collectively, the "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

    (a) Freezing $144,667.07 of Lu's assets in her account at ChoiceTrade, LetsGoTrade, Inc., in which the trading described in the Commission's Complaint occurred ("Lu's Account"),

    (b) Freezing the 177,874 shares of MDDT that Fan holds in his account at TD Ameritrade, Inc., in which the trading described in the Commission's Complaint occurred ("Fan's Account");

(c) Freezing the 136,046 shares of MDDT Chan holds in his account at TD Ameritrade, Inc., in which the trading described in the Commission's Complaint occurred ("Chan's Account"); and

(d) Prohibiting Defendants from destroying records that relate to the allegations in the Complaint or to Defendants' assets, finances or business operations;

(2) Pending a hearing and adjudication of the relief described in paragraph (1) above, an order:

(a) Temporarily freezing $144,667.07 in Lu's Account;

(b) Temporarily freezing the 177,874 shares of MDDT in Fan's Account;

(c) Temporarily freezing the 136,046 shares of MDDT in Chan's Account;

(d) Prohibiting Defendants from destroying records that relate to the allegations in the Complaint or to Defendants' assets, finances, or business operations; and

(e) Authorizing expedited discovery and service by alternate means;

(3) Setting this matter for a hearing on the foregoing.

The Court has considered the entire record of this case, including (a) the Complaint in this action, (b) the Commission's Memorandum of Law in Support of Its *Ex Parte* Emergency Application for an Order to Show Cause, for an Asset Freeze, and Other Relief, (c) the Declaration of Joseph Darragh, with attached exhibits, and (d) the Certification of Counsel pursuant to Local Rule of Civil Procedure 6.1(d) and Federal Rule of Civil Procedure 65(b)(1)(B).

Based on the record, the Court finds [Plaintiff has made a sufficient showing that]:

1. [That] This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District. [that]

GHW
6/19/19

- 2 -

2.  The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)]; Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)]; and Federal Rule of Civil Procedure 65(b), for the following reasons:

   A.  Based on the evidence presented, there is a basis to infer that the Defendants violated Section 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1) & (3)] Sections 9(a)(1) and 10(b) of the Exchange Act [15 U.S.C. §§ 78i(a)(1) and 78j(b)] and Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) & (c)], as alleged in the Complaint.

   B.  It appears from the evidence that Lu has received approximately $144,772 in net proceeds from her unlawful sales of MDDT securities into Lu's Account and at least some of these funds remain in Lu's Account, as the cash balance as of June 17, 2019, was $144,667.07.

   C.  It appears from the evidence that Fan acquired at least 181,600 shares of MDDT and at least 177,874 shares of MDDT remain in Fan's Account.

   D.  It appears from the evidence that Fan acquired at least 181,600 shares of MDDT and at least 177,874 shares of MDDT remain in Fan's Account.

   E.  It appears from the evidence that Chan acquired at least 136,046 shares of MDDT and at least 136,046 shares of MDDT remain in Chan's Account.

   [Handwritten: GHW 6/19/19; paragraphs B–E struck through]

   F.  It appears that an order freezing $144,667.07 in Lu's Account, the 177,874 shares of MDDT in Fan's Account, and the 136,046 shares of MDDT in Chan's Account, as specified herein, is necessary to preserve the *status quo* and to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest and civil penalties.

- 3 -

G.     It appears that an order prohibiting the Defendants from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations, is necessary, to ensure, among other things, compliance with the asset freeze imposed on the Defendants' assets, and to protect the integrity of this litigation.

H.     Good and sufficient reasons have been shown why a procedure other than by notice of motion is necessary. It is appropriate for the Court to issue this Order to Show Cause *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

I.     Good and sufficient reasons have been shown why alternative means of service on Defendants by e-mail are warranted.

J.     Good and sufficient reasons have been shown why expedited discovery is warranted.

**NOW, THEREFORE,**

### I.

**IT IS ORDERED** that the Defendants show cause, if there be any, to this Court at 2:00 p.m. on the 23d day of July 2019, in Room 12C of the United States Courthouse, 500 Pearl Street, New York, New York 10007, why this Court should not enter an Order directing that, pending a final disposition of this action, the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal,

- 4 -

transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of the following assets in the accounts in which the trading described in the Commission's Complaint occurred, held by, or under the direct or indirect control of the Defendants: the $144,677.07 held in Lu's ChoiceTrade, LetsGoTrade, Inc. account ending in 8BILU, the 177,874 shares of MDDT held in Fan's TD Ameritrade Inc. account ending in 7036, and the 136,046 shares of MDDT held in Chan's TD Ameritrade Inc. account ending in 9025.

## II.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

## III.

**IT IS FURTHER ORDERED** that a copy of this Order, the Complaint, Summons, and the papers supporting the Commission's application shall be served: (i) upon the Defendants, or their attorneys who agree to accept service on their behalf, and (ii) on ChoiceTrade, LetsGoTrade, Inc. and TD Ameritrade, Inc., on or before June 24, 2019, by e-mail (in the case of Defendants, utilizing the e-mail addresses described in the Commission's Declaration of Joseph Darragh) or by

personal delivery, facsimile, overnight courier, e-mail, or first-class mail (in the case of the brokerage firms).

[handwritten: Filing on ECF and by]

## IV.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than July 12, 2019 at 5:00 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission, 200 Vesey Street, Suite 400, New York, NY 10281, Attn: Dugan Bliss, blissd@sec.gov, or such other place as counsel for the Commission may direct in writing. The Commission shall have until July 19, 2019, at 5:00p.m., to serve, by the most expeditious means available, including e-mail, any reply papers upon the Defendants or their counsel, if counsel shall have made an appearance in this action.

[handwritten margin: GHW 6/19/19]

## V.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the Commission's application for an asset freeze and order prohibiting the destruction of records as set forth in Parts I and II above, the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of the following assets in the accounts in which the trading described in the Commission's Complaint occurred, held by, or under the direct or indirect control of the Defendants: the $144,677.07 held in Lu's ChoiceTrade, LetsGoTrade, Inc. account ending in 8BILU, the 177,874 shares of MDDT held in Fan's TD Ameritrade Inc. account ending

in 7036, and the 136,046 shares of MDDT held in Chan's TD Ameritrade Inc. account ending in 9025.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the Commission's application for an asset freeze and order prohibiting the destruction of record as set forth in Parts I and II above, Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the Commission's application for an asset freeze and order prohibiting the destruction of record as set forth in Parts I and II above, the Commission's application for expedited discovery is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

    A.    Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on ~~three~~ **seven days'** notice of any such deposition. Depositions may be taken Monday through Saturday and may be taken telephonically. As to

Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, the Commission may depose such witnesses after serving a deposition notice by e-mail upon such Defendants, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on Plaintiff Commission's application;

B. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall answer the Commission's interrogatories within ~~three~~ **seven days** of service of such interrogatories upon Defendants. Interrogatories may be served by e-mail upon such Defendants or their counsel;

C. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall produce all documents requested by the Commission within ~~three~~ **seven days** of service of such request, with production of the documents made to the New York Regional Office of the Commission, 200 Vesey Street, Suite 400, New York, NY 10281, Attn: Dugan Bliss, blissd@sec.gov, or such other place as counsel for the Commission may direct in writing. Requests for production may be served by e-mail upon such Defendants or their counsel;

[handwritten initials: GHW 6/19/19]

D. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall respond to the Commission's requests for admissions within ~~three~~ **seven days** of such requests. Requests for admission may be served by e-mail upon such Defendants or their counsel; and

E. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand, overnight courier, or e-mail to the New York Regional Office of the Commission, 200 Vesey Street, Suite 400, New York, NY 10281, Attn:

Dugan Bliss, blissd@sec.gov, or such other place as counsel for the Commission may direct in writing; and

F. In connection with any discovery from any non-party, deposition or document discovery may be had within ~~five~~ seven days of service of a subpoena pursuant to Rule 45. Service of a subpoena may be made by facsimile, e-mail, mail, hand or overnight courier.

## VIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by e-mail service, personal service, or otherwise.

## IX.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 19th day of June, 2019, at 5:40 p.m.

UNITED STATES DISTRICT JUDGE