```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                      Plaintiff,

- against -

KIT MUN CHAN
LAU KEAN CHONG
CHONG POUI FAN
BINJI LU AND
YOUN CHIEN WONG,

                      Defendants.

19 Civ. 5718 (GHW)

**[PROPOSED] ORDER PRELIMINARILY FREEZING ASSETS AND GRANTING OTHER RELIEF**

ECF CASE

---

On June 19, 2019, Plaintiff Securities and Exchange Commission (the "Commission") filed an emergency application for an *ex parte o*rder:

(1) Directing Defendants Kit Mun Chan ("Chan"), Lau Kean Chong ("Chong"), Chong Poui Fan ("Fan"), Binji Lu ("Lu"), and Youn Chien Wong ("Wong") (collectively, the "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

(a) Freezing $144,667.07 of Lu's assets in her account at ChoiceTrade, LetsGoTrade, Inc., in which the trading described in the Commission's Complaint occurred ("Lu's Account"),

(b) Freezing the 177,874 shares of MDDT that Fan holds in his account at TD Ameritrade, Inc., in which the trading described in the Commission's Complaint occurred ("Fan's Account");

(c) Freezing the 136,046 shares of MDDT Chan holds in his account at TD Ameritrade, Inc., in which the trading described in the Commission's Complaint occurred ("Chan's Account"); and

(d) Prohibiting Defendants from destroying records that relate to the allegations in the Complaint or to Defendants' assets, finances or business operations;

(2) Pending a hearing and adjudication of the relief described in paragraph (1) above, an order:

(a) Temporarily freezing $144,667.07 in Lu's Account;

(b) Temporarily freezing the 177,874 shares of MDDT in Fan's Account;

(c) Temporarily freezing the 136,046 shares of MDDT in Chan's Account;

(d) Prohibiting Defendants from destroying records that relate to the allegations in the Complaint or to Defendants' assets, finances, or business operations; and

(e) Authorizing expedited discovery and service by alternate means;

(3) Setting this matter for a hearing on the foregoing.

On June 19, 2019, the Court issued an Order to Show Cause and Order Freezing Assets and Granting Other Relief, and set this matter for hearing on July 23, 2019 at 2:00 p.m. Eastern Time directing Defendants to show cause why the forgoing relief should not be entered pending a final disposition of this action.

On July 23, 2019 at 2:00 p.m. Eastern Time, after having been properly served with the Order to Show Cause, Defendants failed to appear at the hearing and failed to show cause why this Court should not enter an order for the forgoing relief pending a final disposition of this action.

The Court has considered the entire record of this case, including (a) the Complaint in this action, (b) the Commission's Memorandum of Law in Support of Its *Ex Parte* Emergency

Application for an Order to Show Cause, for an Asset Freeze, and Other Relief, (c) the Declaration of Joseph Darragh, with attached exhibits, (d) the Certification of Counsel pursuant to Local Rule of Civil Procedure 6.1(d) and Federal Rule of Civil Procedure 65(b)(1)(B), and (e) the Commission's Reply Memorandum in Support of Its Application for an Asset Freeze and Other Relief.

Based on the record, the Court finds:

1. Plaintiff has made a sufficient showing that this Court has jurisdiction over the subject matter of this action and over the Defendants, and that venue properly lies in this District.

2. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)]; Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)]; and Federal Rule of Civil Procedure 65(b), for the following reasons:

    A. Based on the evidence presented, there is a basis to infer that the Defendants violated Section 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1) & (3)] Sections 9(a)(1) and 10(b) of the Exchange Act [15 U.S.C. §§ 78i(a)(1) and 78j(b)] and Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) & (c)], as alleged in the Complaint.

    B. It appears that an order freezing $144,667.07 in Lu's Account, the 177,874 shares of MDDT in Fan's Account, and the 136,046 shares of MDDT in Chan's Account, as specified herein, is necessary to preserve the *status quo* and to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest and civil penalties.

    C. It appears that an order prohibiting the Defendants from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not

limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations, is necessary, to ensure, among other things, compliance with the asset freeze imposed on the Defendants' assets, and to protect the integrity of this litigation.

  D. Good and sufficient reasons have been shown why alternative means of service on Defendants by e-mail are warranted.

**NOW, THEREFORE,**

### I.

**IT IS ORDERED** that, pending a final disposition of this action, the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by e-mail service, personal service, or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of the following assets in the accounts in which the trading described in the Commission's Complaint occurred, held by, or under the direct or indirect control of the Defendants: the $144,677.07 held in Lu's ChoiceTrade, LetsGoTrade, Inc. account ending in 8BILU, the 177,874 shares of MDDT held in Fan's TD Ameritrade Inc. account ending in 7036, and the 136,046 shares of MDDT held in Chan's TD Ameritrade Inc. account ending in 9025.

### II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by e-mail service, personal service, or otherwise, and each of them, from destroying, altering, concealing

or otherwise interfering with the access of the Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

### III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, good and sufficient reasons have been shown why alternative means of service on the Defendants by e-mail are warranted (utilizing the e-mail addresses described in the Commission's Declaration of Joseph Darragh).

### IV.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by e-mail service, personal service, or otherwise.

### V.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 24th day of July, 2019

_____
UNITED STATES DISTRICT JUDGE