USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__7/8/2020___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

1:19-cv-05718-GHW

KIT MUN CHAN, LAU KEAN CHONG,
CHONG POUI FAN, BINJI LU, AND
YOUN CHIEN WONG,

**POST-JUDGMENT CONTINUING
WRIT OF GARNISHMENT**

Defendants,

and

CHOICETRADE, LETSGOTRADE, INC., AND
TD AMERITRADE INC.,

Garnishees.

TO:            **Garnishee, CHOICETRADE, LETSGOTRADE, INC.**
               197 State Route 18, Suite 3000
               East Brunswick, NJ 08816

               and

               **Garnishee, TD AMERITRADE, INC.**
               200 S. 108th Ave
               Omaha, NE 68154
               Fax: (402) 970-3440
               Email: compliance@tdameritrade.com

REQUESTED BY:  United States Securities and Exchange Commission
               Elizabeth Goody
               200 Vesey Street, Suite 400
               New York, New York 10281
               Email: GoodyE@sec.gov

ISSUED PURSUANT TO:   28 U.S.C. § 3205

The Court, having reviewed the Application for a Post-Judgment Continuing Writ of

Garnishment submitted by Plaintiff Securities and Exchange Commission ("Commission"), and

having determined that the requirements of 28 U.S.C. § 3205 have been met, hereby issues this

Post-Judgment Continuing Writ of Garnishment.

Pursuant to the asset freeze order entered on July 24, 2019, Garnishees are believed to

have possession of property (including nonexempt disposable earnings) in which the Defendants

Kit Mun Chan, Chong Poui Fan, and Binji Lu have a substantial nonexempt interest.

1

Pending further order of this Court, the Garnishees are hereby directed to withhold and retain any property[1] in their possession, custody or control in which Defendants have an interest at the time this Writ is served or in which Defendants may obtain an interest in the future, including nonexempt disposable earnings.[2]   If a Garnishee fails to withhold property in accordance with this Writ, the Garnishee may be held in contempt by the Court, or the Court may enter judgment against the Garnishee for the value of the relevant Defendant's nonexempt interest in such property, plus a reasonable attorney's fee to the Commission.   *See* 28 U.S.C. §§ 3003(c)(8) and 3205(c)(6).

Within 10 days of receiving a copy of this Writ, the Garnishees shall file with the Court a written answer as required by 28 U.S.C. § 3205(c)(4), and the Garnishees will forward payments to the Office of Financial Management, Securities and Exchange Commission, Enterprise Services Center, Accounts Receivable Branch, 6500 S. MacArthur Blvd, Oklahoma City, OK 73169, specifying the Defendant, the title, civil action number, and name of this Court in this action, until that Defendant's debt is paid in full or the Garnishee no longer has custody or control of property belonging to any Defendant. The Garnishees shall serve copies of their answers on the Commission's counsel, and on the Defendants at the email address provided below or by any other acceptable method of service under Fed. R. Civ. P. 5.

---

[1]   "Property" includes any present or future interest, whether legal or equitable, in real, personal (including chose in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)), but excludes – (A) property held in trust by the United States for the benefit of an Indian tribe or individual Indian; and (B) Indian lands subject to restrictions against alienation imposed by the United States.   28 U.S.C. § 3002(12).

[2]   "'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."   28 U.S.C. § 3002(6).   "'Disposable earnings' means that part of earnings remaining after all deductions required by law have been withheld."   *Id.* at § 3002(5).   "'Nonexempt disposable earnings' means 25 percent of disposable earnings, subject to section 303 of the Consumer Protection Act, [15 U.S.C. § 1673]."   *Id.* at § 3002(9).

This Writ of Garnishment is a continuing writ and it will terminate only by:

(A)     a court order quashing this Writ of Garnishment;

(B)     exhaustion of property in the possession, custody, or control of the Garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), unless the Garnishee reinstates or re-employs the judgment debtor within 90 days after the judgment debtor's dismissal or resignation;   or

(C)     satisfaction of the debt with respect to which this Writ is issued.

*See* 28 U.S.C. 3205(c)(10).

The following exhibits are attached to this Writ:

Exhibit A:     notices and instructions to Garnishee;

Exhibit B:     a sample answer to be used by Garnishee;

Exhibit C:     notices and instructions to Defendant; and

Exhibit D:     a sample claim for exemption and request for hearing to be used by Defendant.

To assist the Garnishee, the following information is provided:

**Kit Mun Chan**
B-3-5 Avenue Court, Taman Sri Sentosa, Kuala Lumpur, Malaysia
Email: chankitmun@gmx.com
Judgment Date: Feb. 4, 2020
Debt: $189,427 penalty, plus postjudgment interest pursuant to 28 U.S.C. § 1961

**Chong Poui Fan**
A-11-05 Apt. Mesra, Jalan Pandan Mesra, Ampang, Selangor Malaysia 68000
Email: chongpouifan.felicia@gmx.com
Judgment Date: Feb. 4, 2020
Debt: $189,427 penalty, plus postjudgment interest pursuant to 28 U.S.C. § 1961

**Binji Lu**
22 Hao Wei Hui 10 Dui Lingshan Xian, Tangba Cun, Xinwei Zhen, CN-45 535400
Email: chriswongyc@zoho.com and wongyounchien@yandex.com
Judgment Date: Feb. 3, 2020
Debt: $189,427 penalty, plus postjudgment interest pursuant to 28 U.S.C. § 1961[3]

SO ORDERED.

Dated: _July 8_____, 2020

_____
GREGORY H. WOODS
United States District Judge

---

[3] This Writ does not apply to Lu's disgorgement and prejudgment interest debt of $144,772.20 and $3,049.52 respectively, as it is not a "debt" under 28 U.S.C. § 3002(3).

3

**EXHIBIT A**

**<u>NOTICES AND INSTRUCTIONS TO GARNISHEE</u>**

## <u>INSTRUCTIONS TO GARNISHEE</u>

You have been served with a Continuing Writ of Garnishment pursuant to 28 U.S.C. §

3205 ("Section 3205").   Pursuant to that Writ and Section 3205, you are required to file a

written answer with the Clerk of Court within 10 days of receiving a copy of the Writ.   The

Clerk of Court's address is:

> Clerk of Court
> Southern District of New York
> Daniel Patrick Moynihan
> United States Courthouse
> 500 Pearl Street
> New York, New York 10007

## <u>YOUR ANSWER</u>

Section 3205 requires that your answer be under oath, and that it contain the following

general information:

(A)   whether you have custody, control or possession of property in which the Defendant has an interest;

(B)   a description of such property and the value of Defendant's interest in that property;

(C)   a description of any previous garnishments to which Defendant's property is subject;

(D)   a description of any property which you anticipate owing Defendant, or in which Defendant will obtain an interest, in the future; and

(E)   if you make periodic payments to Defendant, the amount of those payments and whether those payments are made on a weekly basis, or at some other interval.

*See* 28 U.S.C. § 3205(c)(4).

A sample answer is attached as Exhibit B for your use.

You must serve a copy of your answer on Defendants and counsel for the Commission,

whose addresses are listed on the face of the Writ.   *See* Fed. R. Civ. P. 5 for acceptable methods

of service.

Exhibit A to Writ of Garnishment                                              Page 1 of 4

## **IF YOU ARE A BANK OR FINANCIAL INSTITUTION**

If you are a bank or other financial institution pursuant to 12 U.S.C. § 3401(1), the Writ also serves as a subpoena, under 28 U.S.C. § 3015(a) and Fed. R. Civ. P. 45, requiring you to produce all documents regarding accounts in which Defendant have an interest.   You may comply with this subpoena by attaching the statements and documents to your answer.   Such disclosure is authorized by the Right to Financial Privacy Act, 12 U.S.C. §§ 3413(e) and 3415.

As the recipient of a subpoena, you are entitled to the following notice/information from Fed. R. Civ. P. 45(c) and (d):

"(c)     Protection of Persons Subject to Subpoenas.

   (1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.   The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.   If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.   If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.   Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

  (i)    fails to allow reasonable time for compliance;

  (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

  (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

  (iv)   subjects a person to undue burden.

(B)  If a subpoena

  (i)    requires disclosure of a trade secret or other confidential research, evelopment, or commercial information, or

  (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

  (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  Duties in Responding to Subpoena.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim."

## <u>IF YOU ARE DEFENDANT'S EMPLOYER</u>

The amount of nonexempt earnings which may be withheld pursuant to a Writ of Garnishment is defined by the Consumer Credit Protection Act, 15 U.S.C. § 1673, which provides generally that for a given week of employment, the lesser of 25% of disposable earnings for the week or that amount of disposable earnings for the week in excess of 30 times the minimum wage as set by 29 U.S.C. § 206(a)(1) may be withheld.   The Secretary of Labor has promulgated regulations to assist you in calculating the maximum amount of nonexempt earnings that can be withheld.   *See* Code of Federal Regulations, Title 29, Labor; Subtitle B, Regulations Relating to Labor; Chapter V, Wage and Hour Division, Department of Labor; Subchapter D, Garnishment of Earnings; Part 870, Restriction on Garnishment.

You may contact the attorney listed on the face of the Writ of Garnishment if you need additional assistance in determining the maximum amount of earnings to withhold.

Pursuant to 15 U.S.C. § 1674, you may not discharge Defendant because his earnings have been garnished.

**EXHIBIT B**

**SAMPLE ANSWER TO BE USED BY GARNISHEE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>KIT MUN CHAN, LAU KEAN CHONG,<br>CHONG POUI FAN, BINJI LU, AND<br>YOUN CHIEN WONG,<br><br>Defendants,<br><br>and<br><br>CHOICETRADE, LETSGOTRADE, INC., AND<br>TD AMERITRADE INC.,<br><br>Garnishees. | 1:19-cv-05718-GHW<br><br><br>**GARNISHEE'S ANSWER** |

Having been served with a Continuing Writ of Garnishment, Garnishee hereby files this

Answer in accordance with 28 U.S.C. § 3205.   This Answer is being prepared by:

> Name:
> Title:
> Address:
> Phone Number:

### DESCRIPTION OF GARNISHEE

Garnishee files this Answer as:      (check those that apply)

❒     An Individual
　　　❒     In my personal capacity.
　　　❒     Doing business as,
　　　　　Name of d/b/a:
　　　　　Address:
　　　　　Phone Number:

❒     A Partnership; and Garnishee is:
　　　❒     A general partner
　　　❒     A limited partner
　　　Name of Partnership:
　　　Address:
　　　Phone Number:

❒     A Corporation
　　　Name of Corporation:
　　　Address:
　　　Phone Number:
　　　State of Incorporation:
　　　Principal Place of Business:

## P<small>RIOR</small> G<small>ARNISHMENTS</small>

For each previous garnishment involving Defendant which is still in effect, please provide the following information:

Date of Garnishment:
Property Subject to the Previous Garnishment:

## D<small>ESCRIPTION OF</small> P<small>ROPERTY IN</small> W<small>HICH</small> D<small>EFENDANT</small> H<small>AS AN</small> I<small>NTEREST</small>

Garnishee states as follows:   (check those that apply)

❐     From the date the Writ of Garnishment was served to the date this Answer is being prepared, Garnishee has not had possession, custody or control of any property in which Defendant has an interest.

❐     Garnishee has possession, custody or control of the following non-earnings property in which Defendant has an interest:

Description of Property:
Approximate Value of Property:
Defendant's Interest in the Property:

❐     Garnishee anticipates having future possession, custody or control of the following non-earnings property in which Defendant will have an interest:

Description of Property:
Approximate Value of Property:
Defendant's Interest in the Property:
When Defendant Will Acquire An Interest in the Property:

❐     As Defendant's employer, Garnishee has possession, custody or control of earnings in which Defendant has an interest:

Defendant is paid: ❐ weekly, ❐ bi-weekly, ❐ semi-monthly, ❐ monthly
Date Previous Pay Period Ended:
Date Current Pay Period Ends:

a.     Defendant's Gross Pay:
b.     Federal Income Tax Withheld:
c.     F.I.C.A. Withheld:
d.     State Income Tax Withheld:
e.     Total Withholdings (b + c + d):
f.     Net Earnings (a - e):

2

## G̲A̲R̲N̲I̲S̲H̲E̲E̲'S̲ ̲C̲L̲A̲I̲M̲S̲

Garnishee makes the following claims:          (check those that apply)

❐          Garnishee makes the following claim of exemption on behalf of Defendant:

            Amount of Exemption:
            Nature of Exemption:

❐          Garnishee has the following objections, defenses, or set-offs against the United
            States' right to seek garnishment of Defendant's non-exempt property in
            Garnishee's possession, custody or control:

            (describe nature of objection, defense, or set-off)

## C̲E̲R̲T̲I̲F̲I̲C̲A̲T̲E̲ ̲O̲F̲ ̲S̲E̲R̲V̲I̲C̲E̲

Garnishee certifies that it has served a copy of this Answer on both the:

❐          Defendant

            Date of Service:
            Method of Service: (include address)

and

❐          The United States Securities and Exchange Commission

            Date of Service:
            Method of Service: (include address)

## O̲A̲T̲H̲

Garnishee declares under penalty of perjury that the foregoing is true and correct.

Date:  _____   Signature: _____

Subscribed and sworn before me this _____ day of _____ 20___

_____
Notary Public                                                      (SEAL)

Commission Expires: _____

3

**EXHIBIT C**

**<u>NOTICES AND INSTRUCTIONS TO DEFENDANT</u>**

## NOTICE AND INSTRUCTIONS TO DEFENDANT

A judgment was entered against you in *SEC v. Chan, et al.,* Case No. 1:19-cv-05718-GHW in the United States District Court for the Southern District of New York.   The Commission claims the following amounts owing:

| Name | Final Judgment Amount |
|------|----------------------|
| Kit Mun Chan | $189,427 civil penalty, plus postjudgment interest |
| Chong Poui Fan | $189,427 civil penalty, plus postjudgment interest |
| Binji Lu | $189,427 civil penalty, $144,772.20 in disgorgement, $3,049.52 in prejudgment interest, plus postjudgment interest.[4] |

You are hereby given notice that in an attempt to collect on its judgment against you, the Commission has caused the Court to issue a Continuing Writ of Garnishment to Garnishees Choicetrade, LetsGoTrade, Inc., and TD Ameritrade, Inc. With this Writ, the Commission is attempting to take your property, which may include a portion of your earnings, from the Garnishees. *See* 28 U.S.C. § 3205.

## YOUR RIGHT TO OBJECT TO THE GARNISHEE'S ANSWER
## AND REQUEST A HEARING

Garnishees are required to file an answer within 10 days of receiving the Writ issued by the Court. They are required to serve a copy of their answers on you and the Commission.   Within 20 days after you receive a copy of the Garnishee's answer, you may file with the Court Clerk a written objection to the Garnishee's answer and request a hearing with the Court. You must state the specific grounds for your objection and bear the burden of proving such grounds at a hearing before the Court. You must file your objection and request for hearing with the Court Clerk at:

> Clerk of Court
> Southern District of New York
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street
> New York, New York 10007

You are required to serve a copy of your objection and request for hearing on:

> **Garnishee, CHOICETRADE, LETSGOTRADE, INC.**
> 197 State Route 18, Suite 3000
> East Brunswick, NJ 08816
>
> and
>
> **Garnishee, TD AMERITRADE, INC.**
> 200 S. 108th Ave
> Omaha, NE 68154
> Fax: (402) 970-3440
> Email: compliance@tdameritrade.com
>
> and

---

[4] Only the civil money penalty, plus interest, may be collected via this action.

Exhibit C to Writ of Garnishment                                      Page 1 of 4

United States Securities and Exchange Commission
Elizabeth Reilly Goody
200 Vesey Street, Suite 400
New York, NY 10281
Email: GoodyE@sec.gov

The Court will hold a hearing on your objection within 10 days after your objection and request for hearing is received, or as soon thereafter as is practicable.   Notice of the hearing date will be sent to all parties.   Pursuant to statute,

issues at such hearing shall be limited –

(1)     to the probable validity of any claim of exemption by you;

(2)     to the Commission's compliance with any statutory requirement for the issuance of the Writ of Garnishment; and

(3)     if the judgment was rendered against you by default, and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to –

(A)     the probable validity of the Commission's claim for the debt which has been merged into the judgment; and

(B)     the existence of good cause for setting aside such judgment.

*See* 28 U.S.C. § 3202(d).

If you do not file a timely objection to the Garnishee's answer, the property listed in the Garnishee's answer will be applied to the debt you owe the Commission.

### <u>YOUR RIGHT TO CLAIM AN EXEMPTION</u>

As mentioned above, there are exemptions under the law which may protect the property listed in the Garnishee's answer from being taken by the Commission. You must bear the burden at a hearing set by the Court of showing that an exemption applies. The exemptions which you may claim are defined in 28 U.S.C. § 3014. Pursuant to that section, you may generally exempt either the property specified in 11 U.S.C. § 522(d), or the property specified in the exemption statutes of the State in which you have been domiciled for the majority of the 180 days prior to the filing of the Commission's Application for the Writ of Garnishment. The property exempted under 11 U.S.C. § 522(d) and the applicable State's exemption statutes may, and probably will, be different.   You must choose which set of exemptions you want the Court to apply.

Exhibit D contains a list of the exemptions available under 11 U.S.C. § 522(d) and **New York** law. The statutes providing these exemptions may be amended from time to time. Also, the exemptions in the State in which you actually reside may be different than the exemptions listed in Exhibit D. It is your responsibility to consult the appropriate federal and State exemption statutes to determine what your exemptions are. The exemptions listed in Exhibit D for example only.

Exhibit C to Writ of Garnishment                                    Page 2 of 4

## <u>YOUR RIGHT TO TRANSFER THIS ACTION TO ANOTHER FEDERAL DISTRICT</u>

If you think you live outside the Federal judicial district in which this Court is located, you may request, not later than 20 days after receipt of this Notice, that this proceeding to take your property be transferred by the Court to the Federal judicial district in which you do reside.   You must make this request in writing.   Your request for a transfer must be filed with the Court Clerk at:

> Clerk of Court
> Southern District of New York
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street
> New York, New York 10007

You must also serve a copy of your request for a transfer on:

> **Garnishee, CHOICETRADE, LETSGOTRADE, INC.**
> 197 State Route 18, Suite 3000
> East Brunswick, NJ 08816
>
> and
>
> **Garnishee, TD AMERITRADE, INC.**
> 200 S. 108th Ave
> Omaha, NE 68154
> Fax: (402) 970-3440
> Email: compliance@tdameritrade.com
>
> and
>
> United States Securities and Exchange Commission
> Elizabeth Reilly Goody
> 200 Vesey Street, Suite 400
> New York, NY 10281
> Email: GoodyE@sec.gov

## <u>CONCLUSION</u>

Keep a copy of this notice for your records.   If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Court Clerk.   The Court Clerk is not permitted to give legal advice, but can refer you to other sources of information.

*See* Fed. R. Civ. P. 5 for permissible methods of service.

Exhibit C to Writ of Garnishment                                                    Page 3 of 4

**EXHIBIT D**

**SAMPLE CLAIM FOR EXEMPTION AND REQUEST FOR HEARING**
**<u>TO BE USED BY DEFENDANT</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>KIT MUN CHAN, LAU KEAN CHONG, CHONG POUI FAN, BINJI LU, AND YOUN CHIEN WONG,<br><br>Defendants,<br><br>and<br><br>CHOICETRADE, LETSGOTRADE, INC., AND TD AMERITRADE INC.,<br><br>Garnishees. | 1:19-cv-05718-GHW<br><br>**DEFENDANT'S CLAIM OF EXEMPTION AND REQUEST FOR HEARING** |

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Code.   The Mandatory Victims Restitution Act (MVRA) provides that the only property that is exempt from enforcement (other than wage garnishment) of any MVRA debt is certain property that is exempt from levy under the Internal Revenue Code (IRC).   18 U.S.C. § 3613(a)(1).   If your debt is the result of a judgment and conviction entered under the MVRA which orders the repayment of a fine or restitution, exemptions 1 through 11 are the **only** exemptions available to you.   If your debt is not a result of a judgment entered under the MVRA, exemptions 12 through 19 are available to you.

I claim that the exemption(s) from enforcement which are checked below apply in this case:

_____1.     Wearing apparel and school books.--Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.

_____2.     Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$6,250** in value.

_____3.     Books and tools of a trade, business, or profession.--So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate $3,125 in value.

_____4.     Unemployment benefits.--Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

_____5.     Undelivered mail.--Mail, addressed to any person, which has not been delivered to the addressee.

_____6.     Certain annuity and pension payments.--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been

entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

_____7.  Workmen's Compensation.--Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

_____8.  Judgments for support of minor children.--If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

_____9.  Certain service-connected disability payments.-- Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under--(A) subchapter II, III,IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 231, 32, 34, 35,37, or 39 of such Title 38.

_____10.  Assistance under Job Training Partnership Act.   Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

_____11.  Minimum exemptions for wages, salary and other income.   The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases.   The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed.   The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

    I claim that the following non-MVRA exemption(s) from garnishment which are checked below apply in this case:

_____12.  Social Security benefits and Supplemental Security income (42 U.S.C. § 407).

_____13.  Veterans' benefits (38 U.S.C. § 3101).

_____13a.  Members of armed services (10 U.S.C. § 1440, 38 U.S.C. § 562).

_____14.  Federal civil service retirement benefits (5 U.S.C. § 8346 and 22 U.S.C. § 4060(c)).

_____15.  Annuities to survivors of federal judges (28 U.S.C. § 376(n)).

_____16.  Longshoremen and Harbor workers Compensation Act (33 U.S.C. § 916).

_____17.  Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

_____17a.  Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C.A. §§ 1108-1109(a-c)).

_____17b  Railroad retirement, pension, unemployment benefits (45 U.S.C. §§ 231(m), 352(e).

Exemptions listed under 12 through 17 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

____18.     BANKRUPTCY CODE EXEMPTIONS CLAIM FORM

The first group of exemptions consists of property that is specified in section 522(d) of Title 11 of the United States Code and which consists generally of the following property (refer to 11 U.S.C. § 104 for adjustments of amounts):

1. The debtor's aggregate interest, not to exceed $25,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or a burial plot for the debtor or a debtor's dependent.

2. The debtor's interest, not to exceed $4,000 in value, in one motor vehicle.

3. The debtor's interest, not to exceed $625 in value in any particular item or $13,400 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

4. The debtor's aggregate interest, not to exceed $1,700 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

5. The debtor's aggregate interest in any property, not to exceed in value $1,325 plus up to $12,575 of any unused amount of the exemption provided under paragraph (1) of this subsection.

6. The debtor's aggregate interest, not to exceed $2,525 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

7. Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

8. The debtor's aggregate interest, not to exceed in value $13,400 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

9. Professionally prescribed health aids for the debtor or a dependent of the debtor.

10. The debtor's right to receive ---

(A) a social security benefit, unemployment compensation, or a local public assistance benefit;

(B) a veterans' benefit;

3

  (C)  a disability, illness, or unemployment benefit;

  (D)  alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

  (E)  a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless----

    (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

    (ii) such payment is on account of age or length of service; and

    (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

 (11)  The debtor's right to receive, or property that is traceable to ---

  (A)  an award under a crime victim's reparation law;

  (B)  a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

  (C)  a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

  (D)  a payment, not to exceed $25,150, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

  (E)  a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

 (12)  Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

____19.  Compensation for war risk hazards (42 U.S.C. § 1717).

## <u>MAJOR EXEMPTIONS UNDER STATE LAW</u>

**<u>NOTE</u>:**      The law of the state where you have been domiciled for at least 180 days governs your rights.

**<u>NOTE</u>:**      If you have selected the Bankruptcy Code exemptions listed above, you may <u>not</u> also claim the state law exemptions listed below.

## NEW YORK EXEMPTIONS

\_\_\_\_20.    **Real Property Exemptions (**N.Y. Civ. Practice L. and R. ("NY CPLR") § 5206)

    **(a) Homestead-** Property of one of the following types, not exceeding one hundred fifty thousand dollars for the counties of Kings, Queens, New York, Bronx, Richmond, Nassau, Suffolk, Rockland, Westchester and Putnam; one hundred twenty-five thousand dollars for the counties of Dutchess, Albany, Columbia, Orange, Saratoga and Ulster; and seventy-five thousand dollars for the remaining counties of the state in value above liens and encumbrances (the exemption of a homestead is not void because the value of the property exceeds the amount but the lien of a judgment attaches to the surplus), owned and occupied as a primary residence of one of the following types: **(1)** A lot of land upon which a dwelling is constructed; (2) Shares of stock in a cooperative apartment corporation; (3) Units of a condominium apartment; (4) A mobile home.

    (b) **Burial Ground** – if a portion is actually used for that purpose and it does not exceed 1/4 of an acre or contain any buildings except burial vaults or monuments.

\_\_\_\_21.    **Personal Property Exemptions (**NY CPLR § 5206)
    (a) Exemptions where property is owned by any person except where the judgment is for the purchase price of the exempt property or was recovered by a domestic, laboring person or mechanic for their work in that capacity:

    1.  all stoves and home heating equipment kept for use in the judgment debtor's dwelling house and necessary fuel therefor for one hundred twenty days; one sewing machine with its appurtenances;

    2.  religious texts, family pictures and portraits, and school books used by the judgment debtor or in the family; and other books, not exceeding five hundred dollars in value, kept and used as part of the family or judgment debtor's library;

    3.  a seat or pew occupied by the judgment debtor or the family in a place of public worship;

    4.  domestic animals with the necessary food for those animals for one hundred twenty days, provided that the total value of such animals and food does not exceed one thousand dollars; all necessary food actually provided for the use of the judgment debtor or his family for one hundred twenty days;

    5.  all wearing apparel, household furniture, one mechanical, gas or electric

refrigerator, one radio receiver, one television set, one computer and associated equipment, one cellphone, crockery, tableware and cooking utensils necessary for the judgment debtor and the family; all prescribed health aids;

6. a wedding ring; a watch, jewelry and art not exceeding one thousand dollars in value;

7. tools of trade, necessary working tools and implements, including those of a mechanic, farm machinery, team, professional instruments, furniture and library, not exceeding three thousand dollars in value, together with the necessary food for the team for one hundred twenty days, provided, however, that the articles specified in this paragraph are necessary to the carrying on of the judgment debtor's profession or calling;

8. one motor vehicle not exceeding four thousand dollars in value above liens and encumbrances of the debtor; if such vehicle has been equipped for use by a disabled debtor, then ten thousand dollars in value above liens and encumbrances of the debtor; provided, however, that this exemption for one motor vehicle shall not apply if the debt enforced is for child support, spousal support, maintenance, alimony or equitable distribution, or if the state of New York or any of its agencies or any municipal corporation is the judgment creditor; and

9. if no homestead exemption is claimed, then one thousand dollars in personal property, bank account or cash.

(b) Cause of action to recover damages for the taking or injuring of exempt personal property

(c) Trusts (not created or funded by debtor), Individual Retirement Accounts, Deferred Compensation Plans, Keogh Plans.

(d) Income Exemptions - The following income is exempt from money judgments, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents:

1. 90 percent of the income from a trust, individual retirement account, Keogh or other account defined in NY CPLR § 5205(c)(2).

2. 90 percent of the debtor's earnings for personal services rendered within past 60 days.

3. Payments pursuant to an award in a matrimonial action, for the support of a wife, where the wife is the judgment debtor, or for the support of a child; where the award was made by a court of the state, determination of the extent to which it is unnecessary shall be made by that court.

(e) Armed Services - The pay and bounty of a non-commissioned officer, musician or private in the armed forces of the United States or the state of New York; a land warrant, pension or other reward granted by the United States, or by a state, for services in the armed forces; a sword, horse, medal, emblem or device of any kind presented as a testimonial for services rendered in the armed forces of the United States or a state; and the uniform, arms and equipments which were used by a person in the service, are exempt from application to the satisfaction of a

money judgment; provided, however, that the provisions of this subdivision shall not apply to the satisfaction of any order or money judgment for the support of a person's child, spouse, or former spouse.

(f)  Milk proceeds.

(g)  Security deposit For the rental of a debtor's residence or as security with a utility provider for services to that residence.

(h)  The following personal property is exempt from application to the satisfaction of money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents:

1.  any and all medical and dental accessions to the human body and all personal property or equipment that is necessary or proper to maintain or assist in sustaining or maintaining one or more major life activities or is utilized to provide mobility for a person with a permanent disability; and

2.  service animals, together with food for such animal.

(i)  Life insurance policies

(j)  New York state college choice tuition savings program.

(k)  Fund of a convicted person from a separate action.

(l)  Banking institution accounts into which exempt payments are made electronically or by direct deposit.

The statements made in this claim of settlement to exemptions and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.   I hereby request a court hearing to decide the validity of my claims.   Notice of the hearing should be given to me by mail at

(_____), telephonically at (_____),
                Address                                                    Phone no.

or by e-mail at (_____)
                     E-mail Address.

_____
Debtor's printed or typed name

_____
Signature of debtor

_____
Date